IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NORTH BREVARD COUNTY HOSPITAL DISTRICT d/b/a PARRISH MEDICAL CENTER, a public, not-for-profit special hospital district of the State of Florida,

      Plaintiff,

v.

MCKESSON TECHNOLOGIES, INC., a Delaware corporation,

      Defendant.
_____/

CASE NO.: 6:16-cv-637-Orl-40DCI

## PMC'S NOTICE OF SCRIVENER'S ERROR IN ITS THIRD AMENDED COMPLAINT OR, ALTERNATIVELY, MOTION FOR LEAVE TO AMEND ITS THIRD AMENDED COMPLAINT

The Plaintiff, NORTH BREVARD COUNTY HOSPITAL DISTRICT d/b/a PARRISH MEDICAL CENTER, a public, not-for-profit special hospital district of the State of Florida ("PMC"), by and through its undersigned counsel and pursuant to *Federal Rule of Civil Procedure* 15(a), submits its Notice of Scrivener's Error in its Third Amended Complaint, or, alternatively, its Motion for Leave to Amend its Third Amended Complaint against the Defendant, MCKESSON TECHNOLOGIES, INC., a Delaware corporation ("McKesson"), and as grounds therefore states as follows:

### BACKGROUND

1.    The operative complaint in this case, PMC's Third Amended Complaint for Damages and Injunctive Relief and Demand for Jury Trial, was filed on or about May 1, 2017. [ECF No. 64].

2. PMC, only through the recent filing of legal memoranda in support of the parties' respective motions for summary judgment, has discovered a scrivener's error in Count III of its Third Amended Complaint titled: "McKesson's Breach of Express Warranty by Affirmation, Promise and Description – Section 672.313(1)(c), *Florida Statutes* (2015)."

3. The scrivener's error lies with the incorrect, specific citation to subsection "(1)(c)" of the statute. In other words, the intended citation in the caption of this claim should read: "… - Section 672.313(1), *Florida Statutes* (2015)." PMC did not intend to rely upon or limit its claim to subsection (1)(c) of Section 672.313 and its entire pleading and actions throughout this case prove as much.

4. Section 672.313(1), *Florida Statutes* (2015), states:

672.313   Express warranties by affirmation, promise, description, sample.—

(1)   Express warranties by the seller are created as follows:
(a)   Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b)   Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c)   Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

5. Count III of PMC's Third Amended Complaint [ECF No. 64, ¶¶ 84-92] is replete with allegations and references to broken "affirmations," "promises" and "descriptions" made by McKesson to PMC, which clearly indicate that PMC did not intend to rely upon subsection (1)(c) of the statute concerning the use of samples or models. McKesson seeks to take unfair advantage of PMC's scrivener's error to create a straw man.

6. To the contrary, the allegations in Count III of the Third Amended Complaint are consistent with, based upon, and, in fact, track the language of subsections (1)(a) and (1)(b) of Section 672.313. For instance, paragraphs 88-90 of the Third Amended Complaint allege the existence of McKesson's "affirmations, promises, representations, and descriptions" that were "made a part of the basis of the bargain" between the parties, and that McKesson's products and services did not "conform" with McKesson's "affirmations, promises, representations, and descriptions." These allegations are direct references to subsections (1)(a) and (1)(b) of Section 672.313.

7. Notably, the word "sample" is not used once in the Third Amended Complaint. In fact, the title to Count III of the Third Amended Complaint recites the "Affirmation, Promise and Description" portion of Section 672.313's title, but explicitly omits the word "Sample," which is also part of the title.

8. The pleadings, evidence in this case, and PMC's position throughout this litigation, which includes similar claims against McKesson for fraud in the omission, fraud in the commission, and under *Florida's Unfair and Deceptive Trade Practices Act* ("FDUTPA"), have all involved McKesson's breach of its "affirmations," "promises" and "descriptions" to PMC. For example, the portion of PMC's Motion for a Final Summary Judgment addressing this claim [E.C.F. No. 67., p. 16-17], cites to and specifically relies upon subsections (1)(a) and (1)(b) of Section 672.313.

9. Thus, PMC hereby notifies the Court of its erroneous reference to subsection (1)(c) of Section 672.313 in the title of Count III and in paragraph 89 of its Third Amended Complaint.[1] All such references should state: "Section 672.313(1), *Florida Statutes* (2015)."

10. Undersigned counsel takes responsibility for this error and apologizes to the Court. Nonetheless, the entirety of the pleadings, voluminous evidence to date, and motions and other documents filed by PMC make it clear to McKesson that PMC was *not* relying upon subsection (1)(c) of Section 672.313 as a basis for its claims.

11. In the alternative, and in an abundance of caution, PMC hereby moves for leave to amended its Third Amended Complaint, which seeks only to revise the two (2) aforementioned citations to correctly state: "Section 672.313(1), *Florida Statutes* (2015)." In other words, the revised Third Amended Complaint will not substantively change the allegations in this case and will only remove the erroneous limiting reference to subsection (1)(c) of Section 672.313.

12. This Motion is not made for purposes of delay. The case management and trial schedule for this case will remain the same. PMC submits there is no prejudice to McKesson in allowing this amendment under the circumstances outlined hereinabove.

13. Thus, in the alternative to PMC notifying the Court of the scrivener's error cited hereinabove, PMC hereby requests leave to amend its Third Amended Complaint to correctly cite to "Section 672.313(1), *Florida Statutes* (2015)."

## MEMORANDUM OF LAW

*Federal Rule of Civil Procedure* 15(a) allows a party to amend its pleadings "by leave of court" and directs that "leave shall be freely given when justice so requires." The Eleventh Circuit has observed that "[t]he policy of the federal rules is to permit liberal amendment to

---

[1] The title to Count III of PMC's Third Amended Complaint was erroneously replicated in PMC's Motion for a Final Summary Judgment [E.C.F. No. 67, p. 16] although the memorandum of law is quite clear in that PMC was not relying upon subsection (1)(c) of Section 672.313.

facilitate determination of claims on the merits." *Vazquez v. LCM Inv. Grp., Inc.*, 6:05 CV59-ORL-28DAB, 2006 WL 4835922 at *1 (M.D. Fla. Aug. 24, 2006) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (11th Cir. 1981)). To further this policy, generally a district court may deny a motion for leave to amend only if there is a "substantial reason." *Id.* Motions for leave to amend pleadings should be granted absent a finding of "undue delay, bad faith, or dilatory motive on the part of the movant, failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment …." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, there is no "substantial reason" to deny PMC's Motion to Amend. This Motion is timely made, this Motion is not made for purposes of delay, the amended claims sought to be asserted are not futile, PMC has not abused its privilege to amend in this case, which concerns highly technical matters, and because amendment will not impact the trial date or other pretrial deadlines. Consequently, PMC respectfully requests the Court to enter an order granting this motion.

## RULE 3.01(g) CERTIFICATION

In accordance with Local Rule 3.01(g), *Local Rules of the United States District Court, Middle District of Florida*, the undersigned counsel for PMC certifies that on September 18 and 20, 2017 he corresponded and conferred with counsel for McKesson, but that counsel were unable to reach an agreement concerning the relief requested herein.

WHEREFORE, PMC respectfully requests this Court to enter an Order Acknowledging its Notice of Scrivener's Error or Granting its Motion for Leave to Amend its Third Amended Complaint.

Dated this 20th day of September, 2017.

Respectfully submitted,

_____
JOHN M. BRENNAN
Florida Bar No.: 297951
Primary E-Mail Address:
jay.brennan@gray-robinson.com
Secondary E-Mail Address:
jessica.rolon@gray-robinson.com
MICHAEL R. SANTANA
Florida Bar No.: 42124
Primary E-Mail Address:
michael.santana@gray-robinson.com
Secondary E-Mail Address:
lisandra.acosta@gray-robinson.com
PETER W. BRENNAN
Florida Bar No.: 121477
Primary E-Mail Address:
peter.brennan@gray-robinson.com
Secondary E-Mail Address:
jessica.rolon@gray-robinson.com
GrayRobinson, P.A.
301 E. Pine Street, Suite 1400
Post Office Box 3068
Orlando, Florida 32802-3068
(407) 843-8250 Telephone
(407) 244-5690 Facsimile
Attorneys for Plaintiff, PMC
NORTH BREVARD COUNTY HOSPITAL
DISTRICT d/b/a PARRISH MEDICAL
CENTER, a public, not-for-profit special
hospital district of the State of Florida

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system and furnished by email delivery to **TIMOTHY G. BARBER** (tbarber@kslaw.com), **ANTONIO E. LEWIS** (alewis@kslaw.com), King & Spalding, LLP, 100 N. Tryon Street, Suite 3900, Charlotte, North Carolina, 28202 and **ALEX R. YACOUB** (ayacoub@kslaw.com), King & Spalding, LLP, 1180 Peachtree Street NR, Atlanta, Georgia, 30312, and **MICHAEL P. MCMAHON** (mike.mcmahon@akerman.com), Akerman, LLP, P.O. Box 231, Orlando, Florida 32802-0231 (*Attorneys for Defendant, McKesson Technologies, Inc.*), this 20th day of September, 2017.

_____
John M. Brennan